IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSEPH TEMPLIN,     PLAINTIFF
ADC # 601154

v.     4:22CV00564-BRW-JTK

DOES, et al.     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.  Introduction**

Plaintiff Joseph Templin ("Plaintiff") is in custody at the Stone County Detention Center. He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3, 5). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file a Second Amended Complaint to cure the deficiencies in his pleading. (Id.) Plaintiff now has filed his Second Amended Complaint. (Doc. No. 9).

Upon screening Plaintiff's Second Amended Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court finds that Plaintiff fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Second Amended Complaint be dismissed without prejudice.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.     Plaintiff's Second Amended Complaint

Plaintiff sued Stone County Sheriff Lance Bonds, Jail Administrator Robert Guilbert, Assistant Jail Administrator Mary Kathrine, and Nurse Lily Roberts in their personal capacities

only.  (Doc. No. 9 at 1-2).   In his Second Amended Complaint, Plaintiff explains that he has a mechanical valve in his heart.  (Id. at 4).   Plaintiff says his medication has not been administered properly, causing his PT/INR levels to be non therapeutic; Plaintiff explains that this puts him at high risk for stroke.   (Id.).

Plaintiff says the "Stone County Jail takes [him] to Boston Mtn. Health to see a practitioner (Lilly Roberts)."  (Id.).   Plaintiff also says the Sheriff's Department took him to see a cardiologist in June 2022, but did not follow up with his June 30, 2022 appointment for an "ecograph on [his] heart, even tho the Stone County Jail Personnel has knowledge of the high risk of stroke."   (Id.).

Plaintiff alleges he is confined in a cell "with no possible communication" and that having no way to communicate with officials puts his life at risk.   (Id.).   Plaintiff complains that Defendant Roberts discontinued the medication Coumadin[1] completely on July 5, 2022.  (Doc. No. 9 at 4).  Plaintiff also complains that the only blood thinner he is taking now is Lovanox, which is administered through painful injections.   (Id. at 5).   Plaintiff contends he should be admitted to the hospital and properly medicated.  (Id. at 4).   Plaintiff maintains that the Jail Personnel treat his condition as a mild condition, and do not honor his cardio diet.   (Id. at 5).

Plaintiff also complains about the conditions at the Detention Center.   (Id. at 7).   Plaintiff claims there is black mold and the living conditions at the Detention Center otherwise are filthy. (Id. at 5).

Plaintiff holds Defendants Bonds, Guilbert, Mary Kathrine, and the Jail Staff or Personel responsible for the alleged violations of his rights.  (Doc. No. 9 at 5).   Plaintiff seeks damages. (Id. at 6).

---

[1] Coumadin is an anticoagulant.   https://www.webmd.com/drugs/2/drug-069/coumadin-oral/details (last visited July 18, 2022).

As explained below, Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted.

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1. Defendant Roberts

Plaintiff named nurse practitioner Lily Roberts as a Defendant. Plaintiff identifies Defendant Roberts as a nurse practitioner at the Boston Mountain Regional Health Clinic. (Doc. No. 9 at 2). As such, Defendant Roberts is a private actor. To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." Magee v. Trustees of Hamline University, Minn., 747 F.3d 532, 536 (8th Cir. 2014) (quoting Dossett v. First Bank, 399 F.3d 940, 947 (8th Cir. 2005)). "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" Pendleton v. St. Louis Cnty., 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Plaintiff has not alleged any facts indicating that Defendant Roberts was a willful participant in joint activity with state actors. Accordingly,

Defendant Roberts is not subject to suit under § 1983 and Plaintiff's claims against her should be dismissed without prejudice.

### 2. Defendants Bonds, Guilbert, and Mary Kathrin

Plaintiff named Stone County Sheriff Lance Bonds, Detention Center Administrator Robert Guilbert, and Assistant Jail Administrator Mary Kathrine as a Defendants, but Plaintiff made no specific factual allegations against either of them. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff was advised of this defect when he was given the chance to amend his complaint, but despite the guidance he has added no specific allegations of fact against either of these Defendants. Because Plaintiff made no factual allegations against Defendants Bonds, Guilbert, or Mary Kathrine, Plaintiff failed to state a claim on which relief may be granted against them. Id.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."